IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NVR, Inc., | ) **Case No.** 2:18-cv-1335-NR |
| **Plaintiff,** | ) |
| v. | ) **Related Document No.** 231-227 |
| Majestic Hills, LLC; JND Properties, LLC.; Pennsylvania Soil and Rock Incorporated; Mark R. Brashear; Alton Industries, Inc.; Joseph N. DeNardo d/b/a J.N.D.Properties; and Shari DeNardo, | ) |
| | ) **Hearing Date:** 06/30/20 @ 3:00 p.m. |
| | ) |
| | ) **Response Due:** 06/16/20 |
| | ) |
| | ) **Document No.** |
| **Defendants,** | ) |
| v. | ) |
| Strnisha Excavation, Inc. and Morris Knowles & Associates, Inc., | ) |
| **Third Party Defendants.** | ) |

### BRIEF IN SUPPORT OF MAJESTIC HILL'S OPPOSITION TO NVR, INC. D/B/A RYAN HOMES' MOTION TO STRIKE NOTICE OF REMOVAL

Defendant and Debtor, Majestic Hills, LLC filed a Notice of Removal in bankruptcy court to remove the above-captioned case from district court to bankruptcy court. The Notice of Removal is not improper and conforms with the statutory and procedural requirements for removal to bankruptcy court.

There is no binding precedent that disallows the removal of a civil proceeding pending in district court to bankruptcy court. Instead, cases supporting removal from district court to bankruptcy court rely on the fact the bankruptcy court had jurisdiction over the case and would have otherwise referred the case.

Here, the bankruptcy court has related to jurisdiction over this proceeding and removal or referral is appropriate to keep all of the litigation in one forum.

### I.   STATEMENT OF THE CASE

Plaintiff NVR, Inc. d/b/a Ryan Homes ("NVR") brought the above-captioned action to recover damages allegedly caused by multiple defendants, including the defendant Majestic Hills, LLC ("Majestic Hills"), which resulted in the catastrophic collapse of a

hillside in the Majestic Hills subdivision located in North Strabane Township, Washington County.

In addition to this pending case, there were eight other cases filed in the Court of Common Pleas of Washington County asserting claims arising from the same hillside collapse. Further, there was a declaratory judgment action filed in the Court of Common Pleas of Huntingdon County by Mutual Benefit Insurance Company, one of the Majestic Hills' insurance companies, seeking a declaration that, *inter alia*, it is not liable to cover the damages caused by the hillside collapse and its insurance contract should be reformed. The costs of the multiple lawsuits was a drain on the limited assets of Majestic Hills.

On May 21, 2020, Majestic Hills filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania, Bankruptcy No. 20-21595-GLT. On May 27, 2020, Majestic Hills filed a Notice of Removal in Bankruptcy Court, Adversary No. 20-02084-GLT, followed by a Notice of Filing in this Court (ECF No. 224). On June 2, 2020, Majestic Hills filed Notices of Removal in Bankruptcy Court to remove all of the pending cases in the Court of Common Pleas of Washington County, Adversary Nos. 20-02088-GLT through 20-02094-GLT. The purpose of these removals is to have all of the pending litigation in one forum since the litigation has a real and conceivable effect on the bankruptcy estate and for ease the administration of the bankruptcy case.

II.   **ARGUMENT**

This Court should not strike Majestic Hills' Notice of Removal since the bankruptcy court has "related-to" jurisdiction over this proceeding and would have, otherwise, been referred to the bankruptcy court but-for the removal.

**A. Removal of this case to bankruptcy court was appropriate.**

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C. § 1452(a). Rule 9027 of the Federal Rules of Bankruptcy Procedure states that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed.R.Bankr.P. 9027(a)(1). In general, removal directly to the bankruptcy court of the district has been sustained on several grounds: the bankruptcy court's status as a unit of the district court, the automatic referral of the district court's bankruptcy jurisdiction to the bankruptcy for that district and the definition in Rule 9001(3) of "clerk" to mean the "bankruptcy clerk, if one has been appointed." In re Funquest Vacations, Inc., 1998 WL 124222, *1 n.4 (Bankr.E.D.Pa., Feb. 5, 1998) (citations omitted).

There is valid case law to support of removing a pending case in district court to bankruptcy court. In In re Phila. Gold Corp., the Eastern District of Pennsylvania held that a civil action pending in the district court may be removed to the bankruptcy court by the filing of a timely application for removal under 28 U.S.C. § 1452. In re Phila. Gold Corp., 56 B.R. 87, 90 (Bankr.E.D.Pa. 1985). Additionally, in MATV-Cable Satellite, Inc. v. Phoenix Leasing, Inc., the United States Bankruptcy Court for the Southern District of Florida relied its District's referral order to deny a motion to strike. MATV-Cable Satellite, Inc. v. Phoenix Leasing, Inc., 159 B.R. 56, 60 (Bankr.S.D.Fla. 1993). There, the court reasoned that it was "more important to decide where the case should be handled than whether it is laid before us as a removal or a referral." Id. This reasoning was recognized

in In re Carriage House Condo., L.P., which stated, "…as a matter of efficiency, it would make sense to allow removal from a district to a bankruptcy court if a matter would ultimately be referred to bankruptcy court anyway." In re Carriage House Condo., L.P., 415 B.R. 133, 138 (Bankr.E.D.Pa. 2009).

With regards to the cases cited to support NVR's position, there are a couple important points that this Court should consider. First, none of the decisions NVR cites are binding on this court. All of the cases cited are bankruptcy or district court decisions, none of which are appellate authorities or even authorities from the Western District of Pennsylvania. Further, there is no Third Circuit appellate decision that expressly states that a civil action pending in district court cannot be removed to bankruptcy court by a notice of removal. Rather, the Third Circuit previously hinted that removal to the bankruptcy court could be appropriate. Specifically, the Third Circuit stated:

> [E]ven if we had jurisdiction to consider the question of whether [the appellee] filed the notice of removal with the appropriate clerk, appellants' argument would fail. Federal Rule of Bankruptcy Procedure 9027(a)(1) permits the filing of a notice of removal with the "clerk," a term that Rule 9001(3) defines as "bankruptcy clerk," and 28 U.S.C. § 1452(a) permits removal to the "district court," an entity of which the bankruptcy court is a unit. 28 U.S.C. § 151…We also point out that the Western District of Pennsylvania has a general order referring all bankruptcy cases and proceedings filed in the district to the bankruptcy judges.

In re Seven Fields Development Corp., 505 F.3d 237, 247 n.8 (3d Cir.2007). This is the same logic and reasoning followed by the Funquest court, previously stated above. Under this reasoning, the removal of this civil proceeding to bankruptcy court was appropriate. Second, the Phila. Gold decision remains good law since it has not been expressly overruled or abrogated. Although criticized, it is no more persuasive than the cases NVR cited and can serve as supportable basis for this court to deny the motion to strike and keep this case with its related cases removed from Washington County.

**B. If the Court determines that removal was not proper, this Court should refer the case to Bankruptcy Court.**

If this Court is unwilling to use the removal to transfer this proceeding to bankruptcy court, this Court should enter an order referring the case to bankruptcy court.

**1. The general jurisdiction over bankruptcy matters permits the automatic referral to bankruptcy court.**

In general, the bankruptcy court has jurisdiction over this proceeding. Section 1334 of title 28 to the United States Code states that district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11". 28 U.S.C. § 1334(b). Further, each district court provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). This statute further provides that bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a). 28 U.S.C. § 157(b)(1). Core proceedings include, but are not limited to, matters concerning the administration of the bankruptcy estate, allowance or disallowance of claims against the estate and estimation of claims for purposes of confirming a plan under chapter 11, counterclaims by the estate against persons filing claims against the estate, confirmations of plans, and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(A), (B), (C), (L), (O).

To effectuate section 157, all of the federal districts, including the Western District of Pennsylvania, enacted similar standing orders automatically referring "any or all proceedings arising under Title 11 or arising in or related to a case under Title 11". See Standing Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc*, Oct. 16, 1984. The purpose of the Order of Reference was to allow bankruptcy judges the

opportunity to preside over matters effecting the administration of the bankruptcy estate. The Order of Reference is automatic in its effect and does not require a separate motion to be filed requesting the referral.

### 2. At minimum, the bankruptcy court has "related to" jurisdiction over this proceeding.

There is no question that there is, at minimum, "related to" jurisdiction over this civil proceeding. When evaluating the scope of "related to" jurisdiction, the Third Circuit has acknowledge that Congress intended bankruptcy courts to have broad authority to deal expeditiously with all matters pertaining to the bankruptcy. In re Combustion Eng'g, Inc., 391 F.3d 190, 226 (3d Cir. 2004). Proceedings "related to" a title 11 case include causes of action owned by the debtor that become property of the bankruptcy estate under 11 U.S.C. § 541(a), as well as suits between third parties that conceivably may have an effect on the bankruptcy estate. Id. (citation omitted).

An action is related to bankruptcy proceedings if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively), and which in any way impacts upon the handling and administration of the bankruptcy estate. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added), see also, Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293-94 (3d Cir.2012) (quoting Pacor, Inc.); In re Results Int'l, Inc., 372 F.3d 154, 164 (3d.Cir. 2004).  The proceeding need not necessarily be against the debtor or the debtor's property. Pacor, Inc., at 994; see also Parmalat Capital Finance Ltd. v. Bank of America Corp., 639 F.3d 572 (2d Cir. 2011), In re Drauschak, 481 B.R. 330, 337 (Bankr.E.D.Pa. 2012).  "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy…it may be related to the bankruptcy because of its potential effect." In re Wood, 825 F.2d

90, 97 (5th Cir. 1987). In Celotex Corp. v. Edwards, 514 U.S. 300 (1995), the Supreme Court of the United States indicated that it agreed with certain comments about "related-to" bankruptcy jurisdiction that the Third Circuit Court of Appeals made in Pacor, Inc. v. Higgins, 743 F.2d 984. Specifically, the Supreme Court stated:

> We agree with the views expressed by the Court of Appeals for the Third Circuit in Pacor…that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate," Id. at 994…and that the "related to" language of § 1334(b) must be read to give the district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate.

Celotex, 514 U.S. at 308 (citations omitted). Furthermore, "'[R]elated to' jurisdiction [exists] over actions [against] non-debtors involve[ing] contractual indemnity obligations between the debtor and non-debtor that automatically result in indemnification liability against the debtor. In re W.R. Grace & Co., 900 F.3d 126, 139 (3d.Cir.2018) (quoting In re Combustion Eng'g, Inc., 391 F.3d at 226).

In In re LTC Holdings, Inc., 587 B.R. 24 (Bankr.D.Del. 2018), the Bankruptcy Court for the District of Delaware summarized Third Circuit jurisprudence on whether indemnity obligations can give rise to "related to" jurisdiction:

> Pacor, Federal-Mogul, and associated cases ask the Court to consider two key questions: "(1) does the action against the party seeking indemnification automatically result in debtor's liability for indemnification; and (2) is a subsequent lawsuit against the debtor required prior to a determination of indemnification?" An indemnification provision will not create "related to" jurisdiction when the answer to the first question is no or the answer to the second is yes."

LTC Holdings, 587 B.R. at 37. In LTC Holdings, the Court held that a bankruptcy corporation's contractual duty to indemnify its officers established "related to" jurisdiction over claims brought by third parties against corporate officers of the corporation because their right to indemnity arose automatically, not requiring a separate action. Id.

This Court should find that there is "related to" jurisdiction since the answers to the LTC Holdings questions are yes and no, respectively. As this court is well-aware, Majestic Hills has brought counterclaim for indemnification against NVR (ECF No. 190, ¶¶ 265-269), as well as cross-claims for contribution and/or indemnification against other defendants (ECF No. 190, ¶¶ 270-273) and third party defendants (ECF Nos. 192-193). All of these claims are part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). Furthermore, each of the defendants have also brought separate cross-claims against Majestic Hills for indemnification and or contribution (ECF Nos. 194, pg. 41, ¶¶ 1-2; 196, pg. 45-46, ¶¶ 1-3; 201; 204, pg. 13, ¶¶ 1-3; 207, pg. 6, ¶¶ 1-2). These claims for indemnification are directly intertwined with the rest of the litigation in this proceeding. There would not need to be a separate proceeding to determine the indemnification liability since it would be determined with the claims presented in this proceeding.

Further, this proceeding continued without the debtor, this case would have a conceivable effect on the bankruptcy estate due to the connection between all of the claims and frustrate the administration of the bankruptcy. The bankruptcy is meant to provide a vehicle to resolve the pending litigation for the benefit of all parties. Instead, all NVR's position would do is take more money out of the bankruptcy estate that can be used to pay creditors by needlessly litigating issues. This is detrimental to the homeowners who are the victims of this litigation. This removal combines all the federal and state litigation into one forum, in front of the same judge, to provide the consistent results. This will benefit all parties and conserve the cost to administer these multiple cases.

## III. CONCLUSION

For the foregoing reasons, Defendant and Debtor Majestic Hills, LLC respectfully requests that this Court enter an Order denying the relief requested in NVR, Inc.'s Motion

to Strike the Notice of Removal. In the alternative, if the Court determines that the removal was not effective, Defendant and Debtor Majestic Hills, LLC respectfully requests that this Court enter an Order referring this civil proceeding to Bankruptcy Court so it can proceed with the other related proceedings, as well as providing such other relief as it seems just and proper.

**Respectfully Submitted,**

**DATE:** June 16, 2020

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, PA I.D. #27538**
**dcalaiaro@c-vlaw.com**

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**(412) 232-0930**

## **CERTIFICATE OF SERVICE**

I, Donald R. Calaiaro, do hereby certify that I served a true and correct copy of the *Brief in Support of Majestic Hill's Opposition to NVR, Inc. d/b/a Ryan Homes' Motion to Strike Notice of Removal* on the following by NEF:

| | |
|---|---|
| Robert A. Arcovio; arcovio@margolisedelstein.com | Alton Industries, Inc. *(Cross Claimant)* |
| John C. Brzustowicz; bmmlaw@brzmar.com | Strnisha Excavation, Inc. *(Cross Claimant)* |
| Samuel G. Dunlop; sdunlop@tthlaw.com | Joseph N. Denardo *(Counter Claimant)* |
| Kathleen A. Gallagher; kgallagher@porterwright.com | NVR, Inc. *(Counter Defendant)* |
| Paul K. Geer; pgeer@dgmblaw.com | Strnisha Excavation, Inc. *(Cross Claimant)* |
| Russell D. Giancola; rgiancola@porterwright.com | NVR, Inc. *(Counter Defendant)* |
| David I. Kelch; dkelch@porterwright.com | NVR, Inc. *(Counter Defendant)* |
| Catherine S. Loeffler; loefflercs@hh-law.com | Morris Knowles & Associates, Inc. *(Cross Claimant)* |
| Tara L. Maczuzak; tmaczuzak@dgmblaw.com | Strnisha Excavation, Inc. *(Cross Claimant)* |
| Henri Marcel; hmarcel@dmvlawfirm.com | Pennsylvania Soil And Rock Incorporated *(Cross Claimant)* |
| Marjorie A. Marotta; twopandas@aol.com | Strnisha Excavation, Inc. *(Cross Claimant)* |
| Thomas P. McGinnis; tmcginnis@tthlaw.com | JND Properties, LLC *(Third Party Plaintiff)* |
| Scott E. North; snorth@porterwright.com | NVR, Inc. *(Counter Defendant)* |
| Jason H. Peck; jpeck@dgmblaw.com | Strnisha Excavation, Inc. *(Cross Claimant)* |
| Stephen P. Plonski; plonski@margolisedelstein.com | Alton Industries, Inc. *(Cross Claimant)* |
| Karin M. Romano; kgalbraith@tthlaw.com | JND Properties, LLC *(Third Party Plaintiff)* |
| Samuel H. Simon; ssimon@hh-law.com | Morris Knowles & Associates, Inc. *(Cross Claimant)* |
| Christine D Steere; csteere@dmvlawfirm.com | Pennsylvania Soil And Rock Incorporated *(Cross Claimant)* |
| Devin A. Winklosky; dwinklosky@porterwright.com | NVR, Inc. *(Counter Defendant)* |
| Thomas E. Zumpella; tzumpella@tthlaw.com | JND Properties, LLC *(Third Party Plaintiff)* |

**Executed on:** June 16, 2020        /s/ Donald R. Calaiaro
**Donald R. Calaiaro, PA I.D. #27538**
dcalaiaro@c-vlaw.com

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**