IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NVR, INC., | ) |
|       Plaintiff, | ) 2:18-cv-1335-NR |
| v. | ) |
| MAJESTIC HILLS, L.L.C., et al., | ) |
|       Defendants. | ) |

# MEMORANDUM ORDER

Plaintiff NVR, Inc. is a homebuilder that contracted with various parties to purchase and develop several residential building lots in North Strabane Township, Pennsylvania. After this land was developed and NVR built homes on the land, a devastating landslide occurred at the development, resulting in the condemnation of multiple homes. NVR subsequently initiated this lawsuit against the several parties tasked with developing and preparing the land—including Defendant Majestic Hills—alleging that Defendants are liable for (among other things) breach of contract and negligence, which resulted in the landslide. Defendants then filed third-party complaints, counterclaims against NVR, and crossclaims against each other, seeking common-law indemnification for any potential liability imposed against them.

In May 2020, about one-and-a-half years after this case began, Majestic Hills filed a voluntary petition for bankruptcy in the Western District of Pennsylvania. *See* ECF 222. The filing of bankruptcy triggered an automatic stay of all claims against Majestic Hills. The question now is what to do with the remaining aspects of this litigation. The parties dispute whether this case should continue before this Court,

or should instead be removed or referred to the bankruptcy court as part of Majestic Hills's bankruptcy proceeding.

Specifically, shortly after filing its bankruptcy petition, Majestic Hills filed a "Notice of Removal" in this case, purporting to "remove" this entire case to the bankruptcy court in this district. ECF 224. NVR moved to strike Majestic Hills's Notice of Removal, asserting that such removal was improper and void. ECF 227. In response, Majestic Hills argued that its removal was proper and valid, and alternatively, that even if such removal were improper, this Court should "refer" this case to the bankruptcy court. ECF 232. NVR disagreed. ECF 236. Various parties joined and opposed NVR's and Majestic Hills's countering arguments. ECF 246; ECF 248; ECF 253; ECF 256; ECF 260.[1]

After the parties spent many months attempting to mediate and resolve their disputes through a global mediation in bankruptcy court, no agreement was reached, so this matter is now ready for disposition.[2] For the reasons discussed below, the Court grants NVR's motion to strike (ECF 227), as Majestic Hills's attempted "removal" is improper and void. Further, the Court finds that the bankruptcy court lacks jurisdiction over this case, so the Court will not "refer" this case to the bankruptcy court. The remainder of this case pertaining to the non-Majestic Hills parties shall proceed before this Court.

---

[1] While the Court will refer to the parties' arguments as being presented by NVR and Majestic Hills, the Court considers the other submissions as being included in those arguments.

[2] The Court held oral argument on NVR's motion on May 27, 2021. ECF 285. Several parties, at the Court's invitation, subsequently submitted post-hearing supplemental briefs, which the Court has also considered. ECF 290; ECF 291; ECF 292.

## I. Majestic Hills's purported removal of this case to the bankruptcy court is improper and void.

Majestic Hills seeks to remove this case to the bankruptcy court. ECF 224. But 28 U.S.C. § 1452(a), on which Majestic Hills's removal relies, only allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending[.]" The clear text permits only removal "to the district court." Because this case is already pending here in "the district court," section 1452(a) cannot apply.

Indeed, as almost every court that has considered this issue has concluded, it would be inconsistent with the statutory text to interpret section 1452(a)—which solely authorizes removal *to* the district court—as allowing a party to remove a case *from* the district court back to that same district court, as Majestic Hills seeks to do here. *See, e.g.*, *In re Halvorson*, No. 18-cv-525, 2018 WL 6728484, at *8 (C.D. Cal. Dec. 21, 2018) ("It violates the plain language of 28 U.S.C. § 1452(a) to say that an action can be removed 'to district court' when it is already pending in district court, because the words 'to district court' by necessity involve the concept of bringing the action to district court from some other forum." (cleaned up)); *In re Curtis*, 571 B.R. 441, 445 (9th Cir. B.A.P. 2017) (same); *Harve Benard Ltd. v. Nathan Rothschild, K.I.D.*, No. 02-4033, 2003 WL 367859, at *3 (S.D.N.Y. Feb. 19, 2003) (same); *see also* 28 U.S.C. § 151.

What's more, the single case that Majestic Hills points to as supporting its position has been almost universally rejected by courts. *E.g.*, ECF 232, pp. 3-4 (citing *In re Phila. Gold Corp.*, 56 B.R. 87 (Bankr. E.D. Pa. 1985)); *see, e.g.*, *In re Cornell & Co.*, 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997) ("We also note that no . . . [court] decisions concur with *Philadelphia Gold* on this point, while the dissents are plentiful [(and collecting cases)]."); *In re Curtis*, 571 B.R. at 445 ("[N]umerous trial courts have concluded that 28 U.S.C. § 1452 does not permit removal of cases from federal district

court to bankruptcy court [(and collecting cases)]. . . . There are virtually no published decisions to the contrary, with the arguable exceptions of [*Philadelphia Gold*.]").

Furthermore, the statute cannot be interpreted to permit Majestic Hills's "removal" of this case from a district court to a bankruptcy court, as Majestic Hills suggests. *See, e.g.*, *In re Carriage House Condos.*, 415 B.R. 133, 139 (Bankr. E.D. Pa. 2009) ("[T]he district courts were given the power to retain all bankruptcy cases and proceedings. By interpreting Section 1452 to allow for removal from a district court to a bankruptcy court, *Philadelphia Gold* creates a significant gap in that power: allowing litigants in any bankruptcy matter before the district court . . . to remove the matter to bankruptcy court. Such a gap would severely undermine the Article III supervision that Congress intended as a remedy for the [Bankruptcy Code's] defects [previously] found by the Supreme Court[.]" (cleaned up)); *In re Halvorson*, 2018 WL 6728484, at *8 ("Furthermore, interpreting the bankruptcy removal statute to permit removal from the district court to the bankruptcy court is constitutionally impermissible."); *In re Curtis*, 571 B.R. at 447-48 ("Any interpretation . . . that would imply that the bankruptcy courts had jurisdiction of bankruptcy cases and proceedings separate and independent from, or even co-equal to, the jurisdiction granted the Article III courts, or that would interfere with the Article III courts' exercise of that jurisdiction and judicial power through the system of referral to the bankruptcy courts, or that . . . would permit bankruptcy courts to dispose of matters originating in the district courts in apparent derogation of the power of those courts to control their own proceedings, would be . . . a constitutional non-starter."). And although a district court can "refer" certain cases to the bankruptcy court in its district, as discussed below, that too is improper here.

For these reasons, Majestic Hills's purported notice of removal is void and without legal effect. *See, e.g.*, *In re Halvorson*, 2018 WL 6728484, at *9 ("Because there is no statutory or constitutional authority to remove a district court case to

bankruptcy court, a notice of removal seeking to do so is a nullity and has no legal effect [(and collecting cases)].").  NVR's motion to strike (ECF 227) is granted.

## II. The Court will not refer this case to the bankruptcy court because this case is not "related to" the bankruptcy proceeding.

In its opposition to NVR's motion to strike, Majestic Hills argues that if the Court deems removal improper, the Court should nonetheless "refer" this case to the bankruptcy court.  As discussed below, however, the Court finds that referring this case to the bankruptcy court is not appropriate, as the bankruptcy court lacks jurisdiction over this case.

A bankruptcy court's jurisdiction is defined by 28 U.S.C. § 1334, which provides a bankruptcy court with non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b); *In re Combustion Eng'g*, 391 F.3d 190, 225 (3d Cir. 2004).  Accordingly, "[b]ankruptcy court jurisdiction potentially extends to four types of title 11 matters: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11."  *In re Combustion Eng'g*, 391 F.3d at 225 (cleaned up).  The first three matters concern what's referred to as "core" proceedings; the fourth matter—*i.e.*, "related to" proceedings—concern what's referred to as "non-core" proceedings.  *Id.*; *see also* 28 U.S.C. § 157(b), (c).  Provided that a bankruptcy court has jurisdiction, district courts may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."[3]  28 U.S.C. § 157(a).

As such, in determining whether to refer this case to the bankruptcy court, as Majestic Hills requests, the Court must first determine whether the bankruptcy court

---

[3] Effectuating this referral authority, a standing order in the Western District of Pennsylvania orders the referral of "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court.  *See* Standing Order, *Order of Reference of Bankruptcy Cases*

has jurisdiction. The purported basis for the bankruptcy court's jurisdiction over this case is "related to" jurisdiction—that is, that this case is "related to" Majestic Hills's title 11 bankruptcy case. *E.g.*, ECF 232, pp. 6-8; ECF 248, pp. 5-7. In essence, Majestic Hills argues that this non-core case is "related to" its bankruptcy proceeding because of the indemnification claims asserted against it here. More specifically, according to Majestic Hills, these indemnification claims may potentially affect Majestic Hills's liabilities, so the bankruptcy court has "related to" jurisdiction over this case. The Court disagrees.

The standard for the bankruptcy court's "related to" jurisdiction is set out in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984). There, the Third Circuit stated: "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[4] *Id.* at 994; *In re Combustion Eng'g*, 391 F.3d at 226.

The Third Circuit later expounded on this test, instructing that for a civil proceeding to "'conceivably' have an effect on the bankruptcy proceeding . . . the allegedly related lawsuit [must] affect the bankruptcy proceeding *without the*

---

*and Proceedings Nunc Pro Tunc*, Oct. 16, 1984 (available at: https://www.pawd.uscourts.gov/sites/pawd/files/general-ordes/bankruptcy_standing_order.pdf). But this standing referral order only becomes relevant if the bankruptcy court has jurisdiction over the case.

[4] "Conceivability is determined at the time a lawsuit is filed." *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012). Applied here, the Court finds that conceivability should be determined at the time Majestic Hills filed its bankruptcy petition, which commenced the bankruptcy proceeding and made this issue relevant.

*intervention of yet another lawsuit."* In re Fed.-Mogul Global, 300 F.3d 368, 382 (3d Cir. 2002) (emphasis added). Accordingly, courts in this circuit apply a two-prong standard in determining whether a civil proceeding is "related to" a bankruptcy proceeding because of an indemnification claim: "First, is the debtor's liability automatically triggered when the purported related action against the party seeking indemnification is begun? Second, is a later lawsuit against the debtor, after the resolution of the action not involving the debtor, a prerequisite to a finding of indemnification? If the answer to the first question is no or the answer to the second is yes, 'related to' jurisdiction does not exist." *Steel Workers Pension Trust v. Citigroup*, 295 B.R. 747, 753 (E.D. Pa. 2003).

Because Majestic Hills's liability is not "automatically triggered" by the other parties' indemnification claims against it here, and because any party seeking indemnification from Majestic Hills must bring a later lawsuit against Majestic Hills, the Court finds that this case is not "related to" Majestic Hills's bankruptcy proceeding.

First, Majestic Hills's liability is not automatically triggered, because the defendants here bring common-law indemnification claims against Majestic Hills. There is thus no automatic duty of indemnification by Majestic Hills, in contrast to a contractual right of indemnity, for example. *See In re Union Trust Phila.*, 460 B.R. 644, 654 (E.D. Pa. 2011) ("[A] mere claim of common law indemnity against the Debtor is not, in and of itself, enough to establish 'related to' jurisdiction." (citations omitted)); *cf. In re W.R. Grace & Co.*, 591 F.3d 164, 173-74 & n.9 (3d Cir. 2009) (stating that a party having "a clear contractual right to indemnity . . . may have presented a more direct threat to [debtor's] reorganization" but while "this may have been a more direct threat to the bankruptcy estate . . . we do not mean to imply that contractual

indemnity rights are in themselves sufficient to bring a dispute over that indemnity within the ambit of related-to jurisdiction").

Further, Majestic Hills's liability is not automatically triggered as evidenced by the fact that before Majestic Hills must indemnify anyone, the party seeking indemnification must first be found liable, fault must be assessed, damages must be calculated, and *then*, the scope of Majestic Hills's liability may be determined. Because this determination necessarily—and entirely—relies on a speculative and hypothetical chain of events, the Court finds that any indemnification claims against Majestic Hills do not have an automatic or "conceivable" effect on the bankruptcy proceeding. *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) ("[A] bankruptcy court's 'related to' jurisdiction cannot be limitless."); *In re W.R. Grace*, 591 F.3d at 172-73 ("Montana would first have to be found liable by its state courts and would then have to successfully bring an indemnification or contribution claim against Grace in the Bankruptcy Court. This is precisely the situation in which we have found that related-to jurisdiction does not exist."); *In re N. Am. Refractories Co.*, 280 B.R. 356, 361-62 (Bankr. W.D. Pa. 2002) ("Debtors' estates will be 'conceivably affected' only when and if movants suffer adverse judgment in state court. At that time, there will exist the *possibility* that movants will have a claim against Debtors and at that time they may take appropriate action in a proper forum. Until then, the speculation proffered does not rise to the level of a 'conceivable effect' on these estates."); *In re Pittsburgh Brewing Co.*, 342 B.R. 208, 212 (Bankr. W.D. Pa. 2006) ("[A]s a matter of law, a claim for common law contribution/subrogation cannot conceivably affect a bankruptcy estate until after the party seeking contribution/subrogation has suffered, and then satisfied, an adverse judgment."

(cleaned up)). On this basis alone, the bankruptcy court lacks "related to" jurisdiction.

Second, the Court finds that the parties may seek and obtain indemnification from Majestic Hills only through the intervention of a separate proceeding, notwithstanding their claims against Majestic Hills in this case. There is thus no "related to" jurisdiction on this basis either. *See In re Fed.-Mogul Global*, 300 F.3d at 382.

When Majestic Hills filed its petition for bankruptcy, all claims against it—including the indemnification claims at issue—were automatically stayed. 11 U.S.C. § 362. Thus, Majestic Hills is effectively severed from this case, and no judicial action or relief may be imposed against Majestic Hills. *See Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995) ("The automatic stay is of broad scope, directing that all judicial actions against a debtor seeking recovery on a claim that were or could have been brought before commencement of a bankruptcy case, are automatically stayed. Thus, once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor." (cleaned up)). Further, "once a stay is in effect . . . the parties themselves cannot validly undertake any judicial action material to the claim against the debtor." *Id.* at 692 (cleaned up); *see also In re Adler*, 395 B.R. 827, 839-40 (E.D.N.Y. 2008).

Put simply, then, no party may seek indemnification from Majestic Hills in this case, nor can the Court award such relief against Majestic Hills. Therefore, "the intervention of . . . another lawsuit," or another subsequent proceeding of some kind, is necessary for any party to obtain indemnification from Majestic Hills; and any such

proceeding must wait until the bankruptcy proceeding is completed (and the stay is lifted). *See In re Fed.-Mogul Global*, 300 F.3d at 382; *Tubbs*, 68 F.3d at 691.

Accordingly, after giving the requisite effect to the automatic stay regarding Majestic Hills, the intervention of a subsequent lawsuit or proceeding is necessary to sufficiently affect Majestic Hills's bankruptcy proceeding. There is no "related to" jurisdiction over this case. *See, e.g.*, *Pacor*, 743 F.2d at 995; *In re W.R. Grace*, 591 F.3d at 172-73; *In re Pittsburgh Brewing Co.*, 342 B.R. at 212 (finding no "related to" jurisdiction "(a) because, as a matter of law, a claim for common law contribution/subrogation cannot conceivably affect a bankruptcy estate until after the party seeking contribution/subrogation has suffered, and then satisfied, an adverse judgment . . . and (b) given that Piccirilli has not yet suffered an adverse judgment in the Pension Fund's Action, let alone satisfied such judgment" (cleaned up)); *Kleiner v. Rite Aid Corp.*, 604 B.R. 1, 6 (E.D. Pa. 2019) ("[W]here the right to indemnification is contingent on a factual finding in an action not involving the bankruptcy debtor and requires the commencement of another lawsuit to establish that right, there is no effect on the bankruptcy estate and thus no 'related to' jurisdiction." (citation omitted)).[5]

***************************************

For these reasons, it is hereby **ORDERED** that NVR's motion to strike (ECF 227) is **GRANTED**. Majestic Hills's notice of removal (ECF 224) is stricken, void,

---

[5] The Court acknowledges several of the parties' arguments that it would be more convenient to have a single global proceeding in bankruptcy court, where this case is joined with the Majestic Hills bankruptcy and several related state-court lawsuits. But while it may be more convenient and efficient to litigate this case in the bankruptcy court with the related proceedings, that consideration does not provide a bankruptcy court with jurisdiction over this case. *See, e.g.*, *Pacor*, 743 F.2d at 994 ("[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [the bankruptcy court's jurisdiction]. Judicial economy itself does not justify federal jurisdiction."). In other words, as a matter of jurisdiction, this Court's

and without legal effect. Further, the Court declines to refer this case to the bankruptcy court. By separate order, the Court will order counsel for the parties (except Majestic Hills) to confer as to a proposed scheduling order to complete all remaining fact and expert discovery.

DATE: June 8, 2021                                        BY THE COURT:

                                                                /s/ *J. Nicholas Ranjan*
                                                                United States District Judge

---

hands are tied. That said, nothing prevents the parties from continuing to explore a global settlement as part of the bankruptcy proceeding.