IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NVR, INC., | ) |
| | ) |
| Plaintiff, | ) 2:18-cv-1335-NR |
| | ) |
| v. | ) |
| | ) |
| MAJESTIC HILLS, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM ORDER

Defendant-debtor[1] Majestic Hills, LLC presently moves for reconsideration of the Court's June 8, 2021, Order, which granted Plaintiff NVR, Inc's motion to strike and declined to refer this case as against any non-debtors to bankruptcy court. ECF 299. Majestic Hills now argues that NVR does not have statutory authority to pursue its claims against the non-debtor Defendants because the claims are the property of Majestic Hills's bankruptcy estate. Majestic Hills alternatively seeks clarification as to which claims are proceeding in this case, and requests a stay as to those claims.[2]

---

[1] As the Court previously discussed (ECF 293), Majestic Hills filed a voluntary petition for bankruptcy in the Western District of Pennsylvania while this case was pending.

[2] The Court informed the parties that it "presumes that all non-NVR parties in this case are joining in on the Motion for Reconsideration, unless a party files a notice by 6/25/2021 to opt out of the motion." ECF 301. No party opted out. Therefore, all Defendants—as well as the Official Committee of Unsecured Creditors of Majestic Hills, LLC, who filed a reply brief in support of Majestic Hills's motion—join in Majestic Hills's motion for reconsideration.

After careful consideration,[3] the Court denies Majestic Hill's motion and declines to stay this case.

As to the request for reconsideration, Majestic Hills has not met its burden. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (stating that a party moving for reconsideration must show either "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice" (citation omitted)). Majestic Hills points to neither any intervening change in controlling law nor any new evidence. *See* ECF 300; ECF 308. Majestic Hills instead argues that reconsideration is warranted because it has shown a clear error of law and manifest injustice, as NVR's claims are, in bankruptcy parlance, "general" claims that are the property of Majestic Hills's bankruptcy estate, and thus must be brought by the estate. *E.g.*, ECF 300, pp. 7-10; ECF 308, p. 2; *see also In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014) ("In order for a cause of action to be considered property of the estate, the claim must be a general one, with no particularized injury arising from it. On the other hand, if the claim is specific to the creditor, it is a 'personal' one and is a legal or equitable interest only of the creditor. . . . A cause of action that is 'property of the estate' is properly pursued by the bankruptcy trustee[.]" (cleaned up)).

Majestic Hills's argument fails for the following three reasons. First, the Court finds that denial of Majestic Hills's motion is appropriate because Majestic Hills did not previously present this new argument when it had the opportunity to do so in its original submissions—including its briefs, oral argument, and post-argument brief—opposing NVR's motion to strike and requesting a referral of this case to the bankruptcy court. Majestic Hills only raised this argument after the Court granted

---

[3] NVR filed an opposition brief to Majestic Hills's motion. ECF 305. Majestic Hills and the Official Committee of Unsecured Creditors of Majestic Hills each filed a reply brief in support of the motion. ECF 306; ECF 308. The Court considered all of these submissions.

NVR's motion to strike and declined to refer this case to the bankruptcy court; reconsideration is not meant to be a "second bite at the apple." *See, e.g.*, *Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548, n.1 (3d Cir. 2002) ("The purpose of a motion for reconsideration . . . is not to allow a party to simply change theories and try again, thus giving them a second bite at the apple." (cleaned up)); *Chinniah v. East Pennsboro Township*, No. 08-1330, 2012 WL 3043024, at *1 (M.D. Pa. July 25, 2012) ("[A motion for reconsideration] may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.").

Second, even if reconsideration were appropriate, by its own concession, Majestic Hills acknowledges that this Court isn't the one to decide whether NVR's claims are "general," and thus property of the bankruptcy estate, or not. Somewhat inconsistently, Majestic Hills argues that the Court should have "consider[ed] the fact that NVR's claims against [Defendants] are general, derivative claims and, thus property of the bankruptcy estate that have not been abandoned, and which NVR does not have the statutory standing to pursue." ECF 300, pp. 1-2. But Majestic Hills then asserts that "[t]he issue of what is property of the estate is not for this Court to decide. Rather, the Bankruptcy Court has exclusive jurisdiction to determine whether property is considered property of the bankruptcy estate." ECF 308, p. 3. Thus, if Majestic Hills is correct on this latter point, its remedy is to seek clarification from the bankruptcy court as to a determination of what property is in its estate.[4] *See,*

---

[4] The one arguable area of dispute likely concerns the "alter ego" claims NVR brings against the DeNardo-Defendants. That is, NVR has brought some claims against the DeNardos, acting as alter egos of Majestic Hills. The bankruptcy court could find that those claims are property of the Majestic Hills estate. But that's no reason to stay this entire case and further delay NVR's non-alter-ego claims against the DeNardos and the other Defendants. *See In re Unique Ventures Grp., LLC*, 612 B.R. 667, 679-80 (Bankr. W.D. Pa. 2020) ("[T]here is a split in authority as to whether a bankruptcy trustee may pursue an alter ego claim under [11 U.S.C. §] 541.").

*e.g.*, *In re AGR Premier Consulting, Inc.*, 550 F. App'x 115, 122 (3d Cir. 2014) ("[A] determination of what is property of the estate . . . is precisely the type of proceeding over which the bankruptcy court has exclusive jurisdiction." (cleaned up)); *In re Touch Am. Holdings, Inc.*, 401 B.R. 107, 117 (Bankr. D. Del. 2009) ("Various courts have concluded that matters requiring a declaration of whether certain property comes within the definition of 'property of the estate' as set forth in Bankruptcy Code § 541 are core proceedings [and collecting cases].").

Third, even considering the merits of Majestic Hills's argument, reconsideration is not warranted because Majestic Hills has not sufficiently shown that NVR's claims are "general," rather than "personal," claims so as to warrant the Court's reconsideration of its previous order. That is, contrary to Majestic Hills's arguments, the Court cannot say on the present record that NVR's claims against the non-debtors are "based on facts generally available to *any* creditor," nor that NVR's "recovery would serve to increase the pool of assets available to *all* creditors," as to render NVR's claims "general" ones. *In re Wilton Armetale, Inc.*, 968 F.3d 273, 283 (3d Cir. 2020) (emphasis added) (cleaned up); *see also In re Emoral, Inc.*, 740 F.3d at 879 ("[A] claim is a general one, with no particularized injury arising from it . . . if that claim could be brought by *any* creditor of the debtor[.]" (emphasis added) (cleaned up)). Rather, NVR's claims appear available to it alone, or a few other uniquely injured parties at most; the claims do not appear to be available to any and all possible creditors. *See In re Wilton*, 968 F.3d at 283 ("That [Artesanias's] harm might be worse in degree than that suffered by other creditors does not change the fact that all the creditors' injuries from the plundering are the same in kind. Because Artesanias's claims depend on harm suffered directly by [debtor] and only indirectly

by Artesanias, its theory of recovery is not personal, but derivative of harm to the estate.").

At bottom, Majestic Hills has failed to show that reconsideration is warranted.

Turning next to Majestic Hills's request for clarification and for a stay, the Court clarifies as follows. As stated in the original memorandum order, all claims *against* Majestic Hills in this case, regardless of who brings them, are stayed pursuant to the Bankruptcy Code's automatic stay. 11 U.S.C. § 362; ECF 293, p. 9. And all claims asserted *by* Majestic Hills in this case, regardless of who Majestic Hills brings such claims against, are likewise effectively severed from this case, as Majestic Hills's claims are now presumably part of the bankruptcy estate. *See Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002) ("The Bankruptcy Code defines the 'estate' as 'all legal or equitable interests of the debtor in property as of the commencement of the case,' . . . as well as 'any interest in property that the estate acquires after the commencement of the case.' . . . This definition is given broad application and includes 'all kinds of property, including causes of action.'" (cleaned up)). Thus, because of Majestic Hills's petition for bankruptcy, Majestic Hills is effectively severed from, and no longer a party in, this case.

Discovery will thus proceed in this case as if Majestic Hills is a non-party. *See Constitution Banks v. Tubbs*, 68 F.3d 685, 691-92 (3d Cir. 1995) ("Once a stay is in effect, . . . the parties themselves cannot validly undertake any judicial action material to the claim against the debtor." (cleaned up)). As such, Majestic Hills may

not affirmatively participate in discovery, and any discovery needed from Majestic Hills must be requested and produced as third-party discovery.[5]

Finally, the Court declines to stay this case pending additional developments in the bankruptcy proceeding. In light of how long this case has been pending, and the discussion above, the Court finds that a stay is unwarranted and declines to stay this case pursuant to its discretion.

For these reasons, Majestic Hills's Motion for Reconsideration (ECF 299) is **DENIED**. The Court otherwise clarifies its previous June 8, 2021, Order as outlined herein. A corresponding case management order setting discovery deadlines will follow.

DATE: July 21, 2021                           BY THE COURT:

                                              /s/ *J. Nicholas Ranjan*
                                              United States District Judge

---

[5] Majestic Hills is certainly free to seek relief from the bankruptcy court as to the scope or effect of the automatic stay if it wishes to participate in this case. But short of that, this Court will not order Majestic Hills to participate in this case due to the operation of the automatic stay and the fact that its claims are now in the hands of the bankruptcy estate.