IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NVR, INC., <br><br>   Plaintiff, <br><br>v. <br><br>MAJESTIC HILLS, LLC, et al., <br><br>   Defendants. | 2:18-cv-1335-NR |

## **MEMORANDUM ORDER**

  On April 21, 2023, this Court issued its decision on the various cross-motions for summary judgment. ECF 539. The Court dismissed a number of claims and parties for several different reasons; as relevant here, the Court dismissed two defendants because Pennsylvania's statute of repose extinguished any claims against them. *Id.* The Court then set the case down for trial as to the remaining parties (Plaintiff NVR, and Defendants JND Properties and Joe DeNardo), and the trial is scheduled to commence on July 17, 2023. ECF 541. About three weeks after the summary-judgment decision, the remaining Defendants moved to amend their prior summary-judgment motions to assert for the first time a statute-of-repose defense. ECF 542. The Court has reviewed the parties' briefs, and upon careful consideration, denies the motion.

  Defendants' motion amounts to a belated request for an extension of time, and they cannot meet the standard for obtaining such relief. "Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure permits a district court, for good cause shown, to extend the period of time for a party to perform any act 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Pritchard v. Dow Agro Scis.*, 263 F.R.D. 277, 289 (W.D. Pa. 2009) (Fischer, J.) (citation omitted). Whether a party's neglect is excusable is an equitable question, in which courts

consider "all … relevant circumstances surrounding a party's failure to file timely. In considering whether a party's neglect is excusable, the Supreme Court has directed courts to look specifically to 1) the danger of prejudice to the opposing party, 2) the length of delay and its potential impact on the proceedings, 3) the reason for the delay, and 4) whether the movant acted in good faith." *Id.* (cleaned up).

These factors all cut against Defendants. Summary judgment was fully briefed in December 2022. ECF 392; ECF 507. It would be prejudicial to Plaintiff to re-open the record and re-litigate additional issues at this juncture, over five months after briefing closed and only six weeks ahead of trial. The reason for Defendants' delay is not excusable, and they do not seem to be acting in good faith now. Indeed, at the March 2, 2023, oral argument on the summary-judgment motions, the Court explicitly asked defense counsel why they had not raised the statute-of-repose argument in their briefs, like many other parties did. ECF 537, 14:4-18. Defense counsel responded, "[t]here's a serious question legally and factually about what [Defendants'] role[s]" were at the sidehill embankment. *Id.* at 15:1-6. Defendants' refusal to raise the statute-of-repose argument at the proper time reveals a strategic choice to not invoke the statute of repose, and instead to address, as they say, "a broad variety of independent bases for summary judgment specific" to Defendants. ECF 542, ¶ 6. That is fine; but a party's reconsideration of a strategic decision is not excusable neglect or good cause to get a "do-over." *See Camesi v. Univ. Of Pittsburgh Med. Ctr.*, No. 09-85J, 2009 WL 4573287, at *2 (W.D. Pa. Dec. 1, 2009) (Bissoon, J.).

Defendants' motion also fails as one for reconsideration. "Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice." *Cunningham v. Westmoreland*

*Reg'l Hosp.*, No. 11-394, 2011 WL 2112000, at *1 (W.D. Pa. May 26, 2011) (Schwab, J.).

The motion does not satisfy any of these factors. Defendants suggest that the Court's summary-judgment decision is an "intervening change in controlling law" (ECF 542, ¶ 14)—but that decision doesn't count. An "intervening change in controlling law" generally arises when a precedential opinion by a higher court or a statute passed by the legislature alters the law. *See, e.g.*, *Mon Cheri Bridals, Inc. v. Wu*, No. 04-1739, 2008 WL 5416400, at *2 (D.N.J. Dec. 22, 2008) ("Defendant has not directed this Court to any factual, statutory or precedential issue which leads this Court to disturb its prior decision."), *aff'd sub nom. Mon Cheri Bridals, Inc. v. Wen Wu*, 383 F. App'x 228 (3d Cir. 2010). Nothing like that occurred here. Additionally, Defendants point to no newly discovered evidence. And there is no manifest error of law to correct. So reconsideration is not warranted.

For these reasons, Defendants' "Motion to Amend Summary Judgment Motions Nunc Pro Tunc and for Reconsideration" (ECF 542) is hereby **DENIED**.

DATE: May 30, 2023                    BY THE COURT:

                                      /s/ *J. Nicholas Ranjan*
                                      United States District Judge